{¶ 26} I respectfully dissent from the majority's opinion. Upon review of the record, I find that there is no reasonable or legitimate basis for the withdrawal of appellant's plea.
 {¶ 27} Appellant sought to withdraw his plea on the basis that he had inadequate representation and did not fully understand the terms of his plea agreement. Specifically, appellant stated that his counsel refused to file motions to suppress and to reduce bond, had minimal contact with appellant regarding his case, and did not fully explain the terms of the plea agreement to appellant. Despite these allegations, at the time of appellant's plea, appellant stated under oath that he was satisfied with his counsel's advice and competence and that he understood the terms of his plea agreement, including the fact that he "agreed to make a joint recommendation to [the] Court that [he] be sentenced to a period of incarceration in prison for 15 years." Appellant stated that he had an opportunity to discuss his case with counsel, told counsel all the facts as they related to the charge against him, was informed by counsel regarding what the state intended to prove against him at trial, was told what the law of Ohio was with respect to the charges against him, and discussed with counsel possible defenses he may have to those charges.
 {¶ 28} Counsel conceded that his contact with appellant concerning the case was less than desired; however, counsel indicated that he did discuss the case with appellant on a number of occasions and that other counsel in his office also had discussions with appellant. Counsel for the state also indicated that he had a number of discussions with appellant's counsel concerning the case.
 {¶ 29} With respect to the motions that were not filed, appellant's counsel informed the court that there was no basis on which to file either a motion to suppress or a motion to reduce bond. Additionally, despite appellant's desire to have a motion to suppress filed, and his belief that he could prevail on this issue, that alone does not establish that appellant was not guilty or that he had a complete defense to the charges. To the contrary, appellant was caught at the scene of the crime hiding in the victim's garage. A cursory review of the facts alleged demonstrates that there was more evidence in this case than simply appellant's statements made after signing a Miranda waiver. Accordingly, even if these statements were suppressed, there is no indication that this would negate the state's ability to prove the elements of the crimes beyond a reasonable doubt.
 {¶ 30} Based on the foregoing, I disagree with the majority that there is "conflicting evidence as to the quality of representation afforded appellant." Rather, it appears from the record that appellant simply had a change of heart after entering his plea. Accordingly, I find that the trial court did not abuse its discretion in denying appellant's motion.
 {¶ 31} I additionally disagree with the majority's finding with respect to whether appellant was afforded counsel at the hearing on his motion to withdraw his plea. At the hearing, appellant had already dismissed his counsel, made no request for replacement counsel, and, in fact, indicated to the court that he wished to speak in his own behalf. Moreover, I note that appellant gave a full and complete account of his reasons for withdrawing his plea and was fully examined by the court and counsel for the state. As such, it is clear that the trial court gave full and fair consideration to appellant's motion.
 {¶ 32} Upon consideration of the above, I would affirm the decision of the trial court. The factors to consider in determining whether to allow appellant to withdraw his plea do not weigh in appellant's favor. I find that the trial court did not abuse its discretion and that appellant demonstrated no reasonable or legitimate basis for withdrawing his plea.